## Mary Pipes, Administratrix, Appellee, v. American Car and Foundry Company, Appellant.

VERDICT—*when disturbed as against the evidence.* A verdict will be set aside on review as against the weight of the evidence, where clearly and manifestly so.

Action in case for personal injuries. Appeal from the Circuit Court of Madison county; the Hon. CHARLES T. MOORE, Judge, presiding. Heard in this court at February term, 1908. Reversed and remanded. Opinion filed September 12, 1908.

WISE & McNULTY, for appellant.

J. M. BANDY and D. J. SULLIVAN, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opin-ion of the court.

At the May term of the Circuit Court of Madison county, 1907, R. G. Pipes brought a suit against appel-lant to recover damages for personal injuries sustained by him and caused by the overturning of a car from which he was unloading steel plates in appellant's yards, on April 22, 1907.

The declaration charged that at the time of the al-leged injury said Pipes was a servant of appellant and was engaged in unloading said car under the direction of a foreman; that it was the duty of appellant to use reasonable care to see that said car was in a safe con-dition and the king bolt, which fastened the bed of the car to the trucks, was properly adjusted and safe; that appellant negligently permitted said king bolt to become broken and defective, so that the body of the car, by reason of the steel being on one side, was liable to turn over; that while said Pipes was in the exercise of due care for his own safety, and by reason of the fact that said king bolt was broken, the car turned over and Pipes was permanently injured. The cause was continued and at the following October term, the death of said Pipes was suggested and appellee was permitted, by leave of court, to be substituted as plaint-iff, and to file an amended declaration.

The charges in the amended declaration, so far as they set forth appellant's duty and negligence, were the same as in the original declaration. The amended declaration, however, alleged the death of the original plaintiff on August 12, 1907, and that he left his widow, said Mary Pipes, and several children his next of kin.

The declaration was afterwards amended by making certain changes and additions in regard to those claimed to be the next of kin. The general issue was filed and the trial resulted in a judgment and verdict

in favor of plaintiff for $1,433.  No plea in abatement nor demurrer to the original or amended declaration was filed after the death of the original plaintiff, nor was there any motion made by appellant in arrest of judgment, but both parties appear to have treated the suit as an original action brought by the administratrix for the benefit of herself as widow and the next of kin.

It appears from the proofs deceased, a colored man, had been in the employ of appellant at its plant in Madison, Illinois, for several years and was accustomed to be placed in charge of other men.  On April 22, 1907, he was directed by his foreman to unload a car of steel plates on the switch track in appellant's yards.  These plates consisted of pieces of sheet steel about fifteen inches wide, eighteen feet long and a quarter of an inch thick, fastened together in bunches or bundles, each containing from twenty to fifty sheets.  The bundles were placed in five rows or piles lengthwise of the car, each pile being about two feet high.  The car containing the steel sheets was an ordinary coal car, the sides of which were about four feet high and the steel was unloaded by means of an overhead crane..  Chains suspended from the crane were fastened around the steel sheets and an entire pile was taken at one time.  The car stood on a curve, the west side of the track being elevated a trifle higher than the east.  In obedience to the command of the foreman, deceased, with two foreign workmen, proceeded to unload the car.  After one or more of the piles had been taken from the car, and as still another pile was being raised by the crane, the body of the car toppled over, catching deceased between the pile being raised and the other side of the car, and crushing him so badly that he subsequently died from his wounds.  After the injury occurred the car was examined and it was found that the king bolt at one end of the car only extended down some two inches into the bolster of the truck, and the king bolt at the other end of the car was broken off

between the body bolster and the truck bolster, a part of the break being old, as shown by the fact that it was covered with rust, and a part of it new, having apparently been made at the time the car turned over.

Appellant claimed and introduced evidence tending to show that the tipping of the car was caused by the improper manner in which Pipes was causing it to be unloaded; that he first took out the center pile of steel sheets and then instead of taking the sheets from the east or lower side of the car proceeded to take them from the west or higher side, where it claimed the piles were smaller; that this manner of unloading left too much weight on the lower side of the car and caused it to topple over when the weight on the upper side was lessened.

On the other hand appellee contended and produced evidence tending to show that the manner of unloading adopted by Pipes was the customary one, or at least not an improper one, and that the car did not turn over on account of the use of an improper manner of unloading, but because of the fact that the two king bolts were defective.

A number of reasons are urged by appellant as grounds for the reversal of the judgment in this case, none of which appear to us to be well founded except those which relate to the claim that the evidence in the case did not justify the verdict in favor of appellee.

Upon the question whether the car was being unloaded in a proper or improper manner, we find there was a conflict in the evidence which appears to us to have slightly preponderated in favor of the claim of appellant.

It is further claimed by appellant that the car in question was duly inspected by the car inspector of the terminal railroad association, and found to be in good condition and also that the proximate cause of the injury was the breaking of the bolt which had the old crack in it; that this old crack was a latent defect which it was impossible to discover by an examination or

inspection of the car. The car inspector above mentioned testified that it was his duty to inspect all cars delivered by his company to appellant; that he inspected each of the eight cars which were on appellant's steel yard spur track on the day the injury occurred, and found them all in substantially good condition, except as to some minor defects mentioned by him as having been found in certain of the cars; that he examined the king bolts and found them in good condition, with nothing wrong or defective about them. The fact of the examination of the cars by the inspector was not controverted by any evidence introduced by appellee, nor did appellee attempt to show that an examination would have disclosed the defect in the pin at the south end which had the old crack in it. It in fact appears from the evidence that an examination or inspection would not have disclosed the defect in that pin.

It was shown, however, by appellee that the king pin in the north truck extended down into the truck bolster only about two inches and it is contended by her that this short bolt was insufficient to keep the car in place and was what caused it to start or tip over, and that a proper inspection would have discovered the short bolt and its insufficiency. On this subject it is sufficient to say that the evidence appears to have been overwhelmingly against the position taken by appellee. Upon the whole case we are of opinion the evidence so strongly preponderated in favor of appellant that the jury in finding their verdict must have been actuated by prejudice or have wholly misunderstood the effect of the proof.

The judgment of the court below will therefore be reversed and the cause remanded.

*Reversed and remanded.*